```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|                               |   |                          |
|-------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA      | : |                          |
| v.                            | : | Criminal No. DKC 11-686-1|
| KEVIN ANTHONY WALKER          | : |                          |

**MEMORANDUM and ORDER**

Defendant Kevin Anthony Walker ("Mr. Walker") filed a motion on March 1, 2024, seeking the appointment of counsel and for a reduction in his sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). For the reasons that follow, the motion will be denied.

Mr. Walker pleaded guilty to conspiracy to distribute and possession with intent to distribute controlled substances. He was sentenced on July 2, 2023, to 240 months in prison. (ECF No. 295). His sentence was reduced to 192 months on December 22, 2016, after the application of Amendment 782 of the U.S. Sentencing Guidelines. According to the BOP website, his current projected release date is January 19, 2026.

The Clerk received Mr. Walker's motion for a sentence reduction and for the appointment of counsel on March 1, 2024. (ECF No. 505). The Clerk sent Mr. Walker a letter on March 4, 2024, advising him that the Federal Public Defender was appointed

to make a preliminary review of his motion and, if it was determined that he qualified, that office would file a motion with the court on his behalf. (ECF No. 506). Assistant Federal Defender Sapna Mirchandani filed a notice on June 5, 2024, advising that the Office of the Federal Public Defender would not be filing a supplement to Mr. Walker's motion. (ECF No. 507).

As the United States Court of Appeals for the Fourth Circuit explained in *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000):

> It is well settled that "a criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson*, 501 U.S. 722, 756, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings, *see Gagnon v. Scarpelli*, 411 U.S. 778, 788, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), [a] motion for reduction of sentence does not fit into this category. A motion pursuant to [18 U.S.C.] § 3582(c) "is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." [*United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)].

*See also United States v. Williams*, Cr. No. 6:08-CR-00668, 2012 WL 3308353, at *1 (D.S.C. Aug. 13, 2012) (citing *Legree*, denying motion for appointment of counsel to assist with motion for reduction of sentence based on Amendment 750); *United States v.*

2

*Alvarez*, Crim. No. 3:05-CR-75-02, 2012 WL 443763, at *1 (N.D.W.Va. Feb. 10, 2012) (same); *United States v. Eubanks*, No. 6:03-cr-30082, 2012 WL 37493, at *1 (W.D.Va. Jan. 9, 2012) (same).  Mr. Walker's request for the appointment of counsel will be denied as his case does not present a complicated or unresolved legal question and the appointment of an attorney would not have altered the outcome.

"Ordinarily, a federal court may not 'modify a term of imprisonment once it has been imposed.'  This 'rule of finality,' however, 'is subject to a few narrow exceptions.'" *United States v. Gary*, No. 08-cr-0086-JKB, 2024 WL 1641007, at *1 (D.Md. Apr. 16, 2024) (first quoting 18 U.S.C. § 3582(c); and then quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).  For instance, 18 U.S.C. § 3582(c)(2) provides that a court may "lower the sentence of a defendant who was 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' if the . . . reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines."  *Id.* (quoting 18 U.S.C. § 3582(c)(2)).  In addition, under 18 U.S.C. § 3582(c)(2), "a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable."

3

*Id.* (citing *United States v. Riley*, No. 13-cr-0608-ELH, 2022 WL 9361679, at *5 (D.Md. Oct. 14, 2022)).  Part A of Amendment 821 ("Part A") retroactively alters the application of the Sentencing Guidelines of certain offenders who (1) earned criminal history "status points" based on the commission of an offense while serving a criminal justice sentence, or (2) is assessed zero criminal history points at the time of sentencing.  Specifically, Part A decreased status points by one point for a defendant with seven or more criminal history points and eliminated status points altogether for a defendant with six or fewer criminal history points.

Mr. Walker asserts that he qualifies for a sentence reduction under Amendment 821 because two points were added to his criminal history score for being under a criminal sentence imposed by the Circuit Court for Montgomery County, Maryland at the time of this offense.  At sentencing, Mr. Walker's criminal history scored sixteen (16) points.  Two more points were added because he was on probation at the time of the offense.  With a total criminal history score of eighteen (18), Mr. Walker was found to be in a criminal history category of VI.

Part A, as applied here, results in the addition of one point in lieu of the two points assessed originally.  Calculating

together the original criminal history score of sixteen (16) with the addition of one (1) point pursuant to Part A, yields a total criminal history score of seventeen (17). Seventeen (17) criminal history points corresponds to a criminal history category of VI. *See* U.S.S.G. Ch. 5, pt. A.  Because Mr. Walker remains in a criminal history category of VI even after the application of Part A, he does not qualify for a sentence reduction and his motion will be denied.

Accordingly, it is this 19th day of September, 2024, by the United States District Court for the District of Maryland hereby ORDERED that:

1. The motion for a reduction in sentence under Amendment 821 and for the appointment of counsel filed by Kevin Anthony Walker (ECF No. 505) BE, and the same hereby IS, DENIED; and

2. The Clerk will mail a copy of this Order to Mr. Walker and transmit a copy to counsel of record.

$$\underline{\qquad\qquad /s/ \qquad\qquad}$$
DEBORAH K. CHASANOW
United States District Judge

5